# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-CR-41-TLS |
| | ) | |
| MICHAEL CLAYTON BURE | ) | |

## OPINION AND ORDER

The Defendant, Michael Clayton Bure, is charged with aiding and abetting a bank robbery. He has been ordered detained pending trial. This matter is before the Court on the Defendant's Motion for Revocation of Detention Order [ECF No. 28], filed pursuant to 18 U.S.C. § 3145(b), which provides for district court review, upon motion by the defendant, of a Magistrate Judge's detention order.

The Government requested the detention of the Defendant pending trial on grounds that the Defendant was a danger to the community and a serious risk of flight. On April 9, 2013, Magistrate Judge Roger Cosbey conducted a detention and probable cause hearing and found that there was probable cause to believe that the Defendant committed the bank robbery, and further found a serious risk that the Defendant would not appear and that he would endanger the safety of another person and the community. The Magistrate Judge thus ordered the Defendant detained pending trial. The Magistrate Judge based his findings, in part, on the severity of the charges and the fact that "the defendant's criminal record indicates that he has made poor adjustments to probation and thus would likely not follow any reasonable terms and conditions of release this Court would impose." (Order of Detention 2, ECF No. 26.)

Pursuant to § 3142(e), the judicial officer must determine whether any condition or combination of conditions will reasonably assure the appearance of the defendant as required

and the safety of any other person and the community. With respect to the risk of flight issue, the United States bears the burden of proof by a preponderance of the evidence. *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). With respect to risk to the safety of any other person or the community, the United States must prove its allegations by clear and convincing evidence. 18 U.S.C. § 3142(f); *United States v. Salerno*, 481 U.S. 739 (1987). Detention, however, can be based on a showing of either dangerousness or risk of flight; only one is required. *Portes*, 786 F.2d at 765.

The factors to be considered in determining whether there are conditions of release that will reasonably assure the appearance of the defendant and the safety of any other person and the community fit into four general categories and take into account the available information concerning—(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including—(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal, state, or local law; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

In addition to the evidence presented at the detention hearing, the criminal complaint, and the pretrial services report, the Court considers the statements of the Defendant's counsel that

information not originally presented to the Magistrate Judge would show that the Defendant has employment he could return to if he was released pending trial, and that the Defendant's brother does not consider him a flight risk.

The Defendant is charged with taking, by force, violence, and intimidation, from the person and presence of another money belonging to and in the care, custody, control, management, and possess of a bank in New Haven, Indiana, or aiding an abetting the same. 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. The Defendant's particular role in the robbery was to facilitate the flight from the bank after the robbery. Bank robbery is a very serious crime and, statutorily, it qualifies as a crime of violence. *See* 18 U.S.C. § 3156(a)(4). Moreover, the weight of the evidence against the Defendant is strong and favors detention. The criminal complaint details the account of the bank robbery and connects the Defendant to the robbery as the get away driver through various witnesses, including a witness who knew the Defendant and was a passenger in the car at the time of the robbery. Although the Defendant willingly went to the police station when he learned that his name was potentially connected to the bank robbery investigation, he did so for the purposes of promoting his alibi. Factoring in the Defendant's criminal history—which includes convictions for theft, forgery, felony resisting law enforcement, and possessing a controlled substance—and his spotty record concerning appearance at prior court proceedings, 18 U.S.C. § 3142(g)(3), further supports detention. Although the Defendant's ties to the community, his responsibilities to his family, and his ability to gain employment upon release are factors that weigh in his favor, they are overshadowed by the strength of the factors that support a finding that there is no condition or combination of conditions that will reasonably assure the appearance of the Defendant as required throughout

these criminal proceedings.

This Court has examined the factors found in 18 U.S.C. § 3142(g) and weighed the evidence according to the standards noted above. Pursuant to the evidence, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required for the resolution of this criminal case.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Revocation of Detention Order [ECF No. 28].

SO ORDERED on September 23, 2013.

                                         s/ Theresa L. Springmann
                                        THERESA L. SPRINGMANN
                                        UNITED STATES DISTRICT COURT
                                        FORT WAYNE DIVISION