UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:13-CR-41-TLS |
| | ) | |
| MICHAEL CLAYTON BURE | ) | |

**OPINION AND ORDER**

Defendant Michael Clayton Bure was indicted along with Codefendant Matthew L. Vanschoick with taking, by force, violence, and intimidation, from the person and presence of another money belonging to and in the care, custody, control, management, and possession of a bank in New Haven, Indiana, or aiding and abetting the same. 18 U.S.C. § 2113(a) and 18 U.S.C. § 2. The Government alleges that the Defendant's role in the October 28, 2011, bank robbery was to facilitate the flight from the bank after the robbery.

The Defendant has filed a Petition for Separate Trials [ECF No. 53], asserting that his case should be scheduled for a trial separate from his Codefendant. He "maintains that he had no idea that his co-defendant was going to rob a bank and believes that he will be prejudiced if he is forced to go to trial with his co-defendant." (Pet. ¶ 2.) The Defendant also argues that his right to a speedy trial is being violated by the actions of his Codefendant. The Government opposes the Motion [ECF No. 57], asserting that facts of this case do not support separate trials because the same evidence would be admissible in either joint or separate trials, and that jury instructions would eliminate any prejudice arising from an evidentiary discrepancy.

Federal law allows for the joinder of two or more defendants in a single indictment "if they are alleged to have participated in the same act or transaction." Rule 8 is construed broadly to allow liberal joinder, which enhances the efficiency of the judicial system and avoids costly

and duplicative trials. *United States v. Archer*, 843 F.2d 1019, 1021 (7th Cir. 1988). Joint trials are beneficial because they increase court efficiency, limit inconvenience to witnesses, and avoid delays in bringing defendants to trial; they may also be beneficial in presenting the "total story" to one jury, as opposed to bits and pieces of a story being presented to several juries. *United States v. Curry*, 977 F.2d 1042, 1049 (7th Cir. 1992).

The Defendant's request to be tried separately from his Codefendant is governed by Federal Rule of Criminal Procedure 14, which permits a court to order separate trials if consolidation "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). The Court has the sound discretion whether to grant or deny a motion for severance. *United States v. Rivera*, 6 F.3d 431, 437 (7th Cir. 1993). Rule 14 does not require severance even if prejudice is shown; it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion. *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003) (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). "When defendants have been properly joined under Rule 8(b), 'a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *Souffront*, 338 F.3d at 828 (quoting *Zafiro*, 506 U.S. at 539). To justify a severance, a defendant must show actual prejudice to the extent that he could not obtain a fair trial without the severance. *United States v. Phillips*, 239 F.3d 829, 838 (7th Cir. 2001).

The Seventh Circuit has identified four circumstances in which severance under Rule 14 might be required: (1) antagonistic defenses conflicting to the point of being irreconcilable and mutually exclusive; (2) massive and complex evidence making it almost impossible for the jury

to separate evidence as it relates to each defendant when determining each defendant's innocence or guilt; (3) a codefendant's statement inculpating the defendant moving for the severance; and (4) gross disparity in the weight of the evidence against the defendants. *United States v. Garner*, 837 F.2d 1404, 1413 (7th Cir. 1987) (citing *United States v. Oglesby*, 764 F.2d 1273, 1276 (7th Cir. 1985)). In deciding a motion for severance, the court should balance the interests of the defendant in severance against the government's interest in judicial economy. *United States v. Rivera*, 825 F.2d 152, 159 (7th Cir. 1987). "In all but the 'most unusual circumstances,' the risk of prejudice arising from a joint trial is 'outweighed by the economies of a single trial in which all facets of the crime can be explored once and for all.'" *United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009) (quoting *United States v. Velasquez*, 772 F.2d 1348, 1352 (7th Cir. 1985)). That a separate trial will offer the defendant a better chance of acquittal does not alone justify severance. *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000).

The Defendant has not established a serious risk that a joint trial would compromise a specific trial right, or prevent the jury from making a reliable judgment about guilt or innocence. The only right the Defendant references is his right to a speedy trial. But the Speedy Trial Act specifically excludes from its computation time a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(6). The time has not run for Codefendant Vanschoick. Although requests for continuances were previously granted, on each instance the Court concluded that the ends of justice served by granting a continuance of the speedy trial deadlines outweighed the best interests of the public and Defendant Vanschoick in a speedy trial. Specifically, due to the ongoing and voluminous discovery, a failure to grant the

motion to continue would have denied counsel for Vanschoick the reasonable time necessary to conduct discovery and effectively prepare for trial, taking into account the exercise of due diligence. The Defendant has not established that there is a serious risk that a joint trial with his Codefendant would compromise a specific trial right.

Neither has the Defendant persuasively argued that a jury could not make a reliable judgment about his guilt or innocence by virtue of being tried with the Codefendant. This is a straight forward bank robbery involving two suspected participants. To prove bank robbery, the Government must show that a bank was forcibly robbed. *See* 18 U.S.C. § 2113(a). The Government will be required to prove that the Defendant aided the commission of the bank robbery by knowingly associating with the criminal activity, participating in the activity, and trying to make it succeed. *See United States v. Quintero*, 618 F.3d 746, 753 (7th Cir. 2010) (referring to a typical aiding and abetting jury instruction). Conducting a joint trial will not alter the burdens of proof, or preclude the Defendant from presenting his theory of the case. There is nothing in the record to suggest that a jury could not make the simple distinction between the Defendant and his alleged role in the offense and the Codefendant and his alleged role. Moreover, the Court can instruct the jury to consider each defendant separately. *See, e.g., United States v. Alviar*, 573 F.3d 526, 539 (7th Cir. 2009) (noting no actual prejudice to defendant from "spillover" evidence where the jury was instructed to consider each defendant separately and distinguished between the defendants).

Simply put, the joinder of the Defendant's bank robbery trial with his Codefendant's trial does not present a serious risk that a specific trial right will be compromised or that a jury would be unable to make a reliable judgment about the Defendant's guilt or innocence. Accordingly,

4

there is no basis to grant a severance and conduct two separate trials for these properly joined defendants.

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Petition for Separate Trials [ECF No. 53]. The Final Pretrial Conference scheduled for February 4, 2014, and the trial scheduled for February 18, 2014, are CONFIRMED.

SO ORDERED on January 22, 2014.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT<br>
FORT WAYNE DIVISION